JOSEPH TENNER AND THOMAS CARLESS, SHERIFF OF THE COUNTY OF PASSAIC, DEFENDANTS IN CERTIORARI, v. INDIANA PARTS DEPOTS, INCORPORATED, PROSECUTOR.

Decided June 18, 1928.

Before Justices Trenchard, Kalisch and Katzenbach.

For the prosecutor, *Abraham I. Feltman* (*Harry Madell*, of counsel).

For Joseph Tenner, *Bernard Freedman*.

Per Curiam.

The record in this case discloses that on a claim of property and demand for trial by jury as to such claim, made by the prosecutor, which property was in the possession of the sheriff, and consisted of three motor trucks attached by him, under and by virtue of a writ of attachment, at the suit of

Joseph Tenner, plaintiff in attachment, against the Indiana Truck Corporation, as its property, and that on a trial being had upon said claim before the sheriff, sitting with a jury, the jury found a verdict of property in the Indiana Truck Corporation.

The record of this proceeding is before us on review by writ of *certiorari,* sued out by the prosecutor, the Indiana Parts Depots, Incorporated.

The return to the writ does not contain the testimony taken in the inquisition. The record contains the minutes of the sheriff taken at the time of the trial, but they do not contain the testimony given by the witnesses.

The printed case before us shows that the writ of *certiorari* was allowed by Mr. Justice Black, after testimony had been taken by the respective parties, as to what the facts were regarding the ownership of the trucks at the time the attachment was made.

It seems that this testimony was taken without any objection on part of the counsel for defendants in *certiorari.*

Counsel of defendant Tenner, plaintiff in attachment, appeared at the hearing and cross-examined the prosecutor's witnesses—in fact, counsel of defendant produced a witness on behalf of the plaintiff in attachment, who testified as to what the testimony and exhibits were in the inquisition held by the sheriff.

On behalf of the Indiana Parts Depots Company, Incorporated, prosecutor, its auditor testified to the effect that the Indiana Truck Corporation owed to the Indiana Parts Depots, Incorporated, moneys aggregating at no time during the transaction hereinafter referred to less than $15,000. The Indiana Truck Corporation turned over to Heitman Motors, Incorporated, a corporation, the sales of certain trucks, under agreements in the form of trust certificates. The trucks attached as the property of the Indiana Truck Corporation were the subject of three agreements of this character. To these agreements were annexed an assignment by which the Indiana Truck Corporation assigned all its right, title and interest in said trucks to the Indiana Parts Depots Company, Incorporated, the prosecutor herein.

It was by virtue of these agreements that the prosecutor of this writ claimed title to the trucks seized as the property of the defendant in the attachment proceedings.

The evidence is clear with reference to the steps which were taken to transfer the title of the trucks attached to the Indiana Parts Depots, Incorporated, the prosecutor. There was practically no testimony in contradiction of that adduced by the prosecutor.

It is well settled that in a proceeding of this nature the Supreme Court has the right to order a judgment of reversal, and also to enter a new judgment as the tribunal below ought to have rendered. *Dubelbeiss* v. *West Hoboken,* 82 *N. J. L.* 683.

Section 2 of the *Certiorari* act also confers on this court authority to determine disputed questions of fact as well as law and to inquire into the facts by depositions taken on notice. This section of the statute also gives the court power to reverse or affirm the proceedings below.

In the intsant case notice of the taking of the depositions was given to counsel of Tenner, the plaintiff in attachment, and testimony was taken in the presence of his counsel, who participated in the taking of the testimony and raised no objection as to the regularity of the proceedings.

It seems to us to be of no vital importance whether the depositions were taken before or after the allowance of the writ of *certiorari.* The depositions were taken under an order of the court, to ascertain what facts were established at the inquest held by the sheriff. Notice was given to counsel on behalf of the prosecutor that the depositions would be used upon the hearing of the cause before the court.

The return of the sheriff was clearly inadequate.

The depositions, taken under a rule of court, established beyond the peradventure of a doubt the prosecutor's right to the trucks in question.

The proceedings before the sheriff should be set aside, and a judgment entered in this court to the effect that the trucks are the property of the prosecutor.